IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR GRAYSON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JODY GOETTING and S.A. GODINEZ )<br>)<br>    Defendants. ) | Case No. 13-cv-1251-MJR-DGW |

### ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Recruitment of Counsel (Doc. 3) filed by Plaintiff, Omar Grayson, on December 11, 2013, the Motion for the Court to Inform Plaintiff of Reception or Non-Reception of Trust Fund Documents (Doc. 10) filed by Plaintiff on December 23, 2013, and the Motion for the Court to Advise Cook County Jail to Fill Out an Account Balance Verification Form (Doc. 11) filed by Plaintiff on December 23, 2013.  For the reasons stated below, the Motion for the Court to Inform Plaintiff of Reception or Non-Reception of Trust Fund Documents is **GRANTED**.   The remaining motions are **DENIED**.

### Motion for Recruitment of Counsel

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he

has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-56.

Plaintiff has met his initial burden of attempting to secure private counsel. Plaintiff has attached to his motion a letter from an attorney declining to represent him. Plaintiff states that he contacted at least two attorneys and each declined to represent him. Thus, Plaintiff has made reasonable, albeit unsuccessful, attempts to secure counsel.

The Court nonetheless finds that Plaintiff is competent to advance this uncomplicated matter. The Complaint in this matter appears to be written and attested to by the Plaintiff himself. He is capable of reading, writing, and understanding the English language. Plaintiff has indicated that he is college graduate. While Plaintiff's claim is colorable, it is not complex and he will be capable of investigating crucial facts. Plaintiff appears to be competent to prosecute this matter, and the Court declines to recruit counsel at this time. Therefore, Plaintiff's motion (Doc. 3) is **DENIED**. This Court may, in its discretion, appoint counsel if necessary at a later time.

## Trust Fund Documents

Plaintiff is advised that this Court has not received his trust fund documents from Cook County Jail. This Court, however, does not have the authority to order Cook County Jail to fill out and return the account balance verification form as Plaintiff requests. As such, that motion

(Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** January 13, 2014

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**