IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR GRAYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1251-NJR-DGW |
| ) | |
| JODY GOETTING and S A GODINEZ, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction filed by Plaintiff, Omar Grayson, on May 7, 2014 (Doc. 26). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff, an inmate at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. Following a preliminary review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court found that Plaintiff articulated a colorable federal cause of action as to three counts (Doc. 7). As such, Plaintiff is proceeding on Count 1, alleging that Defendants violated his First Amendment rights; Count 3, alleging that Defendants violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ("RLUIPA"); and, Count 4, alleging that Defendant

Goetting retaliated against Plaintiff due to his filing of a lawsuit against Illinois Department of Corrections ("IDOC") officials.

Specifically, Plaintiff's Complaint alleges that he was forced to cut his hair while incarcerated at Pinckneyville, an act that is against his religious beliefs. In Plaintiff's pending Motion for Preliminary Injunction, he asserts that it has been almost seven months since he has had to cut his hair and it is currently growing in its natural form as dreadlocks. Plaintiff contends that once it is time for him to take a new identification picture, he will be detained, thrown in segregation, and his hair will forcefully be shorn again. Plaintiff made no indication as to when his identification picture may be taken, or when his hair will be shorn. As relief, Plaintiff requests a transfer to another IDOC facility where he can practice the tenets of his religion freely.

In response to Plaintiff's Motion for Preliminary Injunction, Defendants Goetting and Godinez assert that Plaintiff's request is overly broad and beyond the scope of injunctive relief allowed by the Prison Litigation Reform Act. Further, Defendants argue that Plaintiff failed to establish that he will suffer irreparable harm, and, as such, has failed to establish that an injunction is warranted (Doc. 28).

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;
2. No adequate remedy at law; and
3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents. The movant's threshold burden, however, is to show the first three factors. *Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

In this case, Plaintiff has not met his threshold burden because he has failed to show he will suffer irreparable harm. Plaintiff's Motion for Preliminary Injunction rests on the proposition that Plaintiff will be forced to cut his hair at some point in the future. Although this may be against his religious tenets, Plaintiff fails to show how this occurrence would cause him to suffer irreparable harm. *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for." (quotation marks and citation omitted)). As Plaintiff's own Motion suggests, once removed, his

hair does grow back (Doc. 26). Further, there is no indication that Plaintiff may be subject to any imminent harm, as Plaintiff has not provided a date as to when he his hair may be shorn. As such, there appears to be sufficient time to acquire an adequate remedy at law.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction filed by Plaintiff, Omar Grayson, on May 7, 2014 (Doc. 26) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 23, 2014**

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**