IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMAR GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1251-NJR-DGW |
| | ) | |
| JODY GOETTING and S. A. GODINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal

Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on

Plaintiff's Motion for Preliminary Injunction filed on November 19, 2014 (Doc. 43).  For the

reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court

adopt the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Plaintiff, an inmate at Pinckneyville Correctional Center ("Pinckneyville"), filed this

action on December 3, 2013 alleging various violations of his constitutional rights.  More

specifically, Plaintiff alleges that in contravention of his religious beliefs, Defendant Goetting

forced Plaintiff to remove his dreadlocks, citing security and safety concerns.  Plaintiff also

challenges the Illinois Department of Corrections ("IDOC") policy that requires him to shear his

dreadlocks.  Plaintiff is proceeding on the following three counts in this action: (1) First

Amendment claim against Defendants Goetting and Godinez; (2) Religious Land Use and

Institutionalized Persons Act ("RLUIPA") claim against Defendants in their official capacities;

and (3) retaliation claim against Defendant Goetting.

Plaintiff previously filed a Motion for Preliminary Injunction (Doc. 26) asking the Court to enjoin Defendants from forcibly removing his dreadlocks.  This Court (Magistrate Judge Wilkerson) recommended denial of Plaintiff's Motion (Doc. 29), which recommendation was adopted by District Judge Rosenstengel (Doc. 42).  This Court, in previously denying Plaintiff's Motion for Preliminary Injunction, cited Plaintiff's inability to demonstrate impending, irreparable harm.

In the Motion for Preliminary Injunction currently pending, Plaintiff asks the Court to enter an order transferring him to another facility where dreadlocks are allowed, or prohibit Pinckneyville from shearing his dreadlocks.  Plaintiff indicates that prior to his court appearance scheduled for December 3, 2014 before this Court, prison officials will order him to remove his dreadlocks.  Plaintiff states that if he refuses, the dreadlocks will be forcibly removed unless he initiates a hunger strike, whereby he will not be able to attend his court hearing.  Plaintiff also provides that if he is forced to remove his dreadlocks he may become suicidal, as he is already on medication for depression as a result of previously being forced to remove his dreadlocks.

Defendants filed a response to Plaintiff's Motion on November 26, 2014 (Doc. 47), asserting that Plaintiff has failed to establish that a preliminary injunction is warranted in this case and the relief he seeks is overly broad.  In particular, Defendants contend there is no evidence that Plaintiff will suffer irreparable harm absent a preliminary injunction.  In support of this contention, Defendants have provided the Court with an affidavit of Sean Furlow, a Lieutenant in the Intelligence Unit at Pinckneyville, stating that as of November 26, 2014 enforcement of the grooming policy has not been initiated or imposed as to Plaintiff (Doc. 48).  As such, according to

Defendants, Plaintiff is merely speculating that prison staff will forcibly cut his hair prior to the December 3, 2014 hearing.   Moreover, Defendants contend that Plaintiff admits he can avoid cutting his hair by combing it out.   Defendants also assert that the relief Plaintiff seeks is overly broad and would violate the Prison Litigation Reform Act ("PLRA") by impinging on the administration and security procedures of the prison.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief.   *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)).   The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit."   *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).   Plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;
2. No adequate remedy at law; and
3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 972 (7th Cir. 2012).   As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning."   *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).   The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."   *Id.*   In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."   18 U.S.C. §

3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents. The movant's threshold burden, however, is to show the first three factors. *Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

In this case, Plaintiff has again failed to meet his threshold burden. Specifically, Plaintiff has failed to establish that he will suffer immediate, irreparable harm absent a preliminary injunction. Although Plaintiff contends that he will be forced to remove his dreadlocks prior to the December 3, 2014 hearing, Defendants have provided evidence tending to dispute this claim. Further, Plaintiff's assertion appears to be based on the premise that he will be appearing in-person for his court hearing. However, Plaintiff is to appear by video-conference. Moreover, Defendants have indicated that as of November 26, 2014 the grooming policy at Pinckneyville had not been initiated or imposed as to Plaintiff. As such, it does not appear that Plaintiff faces immediate harm absent a preliminary injunction at this time.

In any event, the Court finds that even if the grooming policy had been initiated, Plaintiff has not demonstrated that he will suffer irreparable harm if his hair is forcibly removed. More specifically, a reading of Plaintiff's Motion for Preliminary Injunction indicates that once shorn, his hair will grow back. *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for." (quotation marks and citation omitted)). Furthermore, although Plaintiff has indicated that shearing his dreadlocks will cause distress, the grooming policy does not require that Plaintiff's dreadlocks be shorn; rather, Plaintiff has the option of combing out his dreadlocks to comply with the grooming policy. Accordingly, it appears that Plaintiff has a reasonable avenue to avoid

shearing his dreadlocks.   As such, based on the foregoing, it is not apparent that a preliminary injunction is warranted.

**RECOMMENDATIONS**

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction filed by Plaintiff, Omar Grayson, on November 19, 2014 (Doc. 43) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 5, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**