IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMAR GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1251-NJR-DGW |
| | ) | |
| JODY GOETTING and S.A. GODINEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants S.A. Godinez and Jody Goetting (Doc. 34) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff, Omar Grayson, an inmate at Pinckneyville Correctional Center ("Pinckneyville"), filed this action on December 3, 2013 alleging various violations of his constitutional rights.  More specifically, Plaintiff alleges that in contravention of his religious beliefs, Defendant Goetting forced Plaintiff to remove his dreadlocks, citing security and safety concerns.  Plaintiff also challenges the Illinois Department of Corrections ("IDOC") policy instituted by Defendant Godinez that requires him to shear his dreadlocks.  Plaintiff is

proceeding on the following three counts in this action: (1) First Amendment claim against Defendants Goetting and Godinez; (2) Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against Defendants in their official capacities; and (3) retaliation claim against Defendant Goetting.

On August 1, 2014, Defendants Goetting and Godinez filed a Motion for Summary Judgment on the Issue of Exhaustion (Doc. 34) arguing that Plaintiff failed to exhaust his administrative remedies before filing suit. Based on the affidavit of Billie Greer, Chairperson for the Administrative Review Board ("ARB"), Defendants assert that although Plaintiff filed a grievance on October 29, 2013 concerning the issues in this lawsuit, he filed suit before he received a response from both his institution and the ARB.

Plaintiff filed his response to Defendants' Motion on August 5, 2014 (Doc. 39), asserting that prior to filing the October 29, 2013 grievance, he filed an emergency grievance on September 9, 2013, for which he never received a response. As such, Plaintiff asserts that this suit was filed in accordance with the September 9, 2013 emergency grievance. According to Plaintiff, as there are no instructions on how to proceed if a grievance is not responded to, he sufficiently exhausted his administrative remedies with respect to this grievance.

***Pavey Hearing***

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on December 3, 2014. At the hearing, Plaintiff conceded that his grievance dated October 29, 2013 was not fully exhausted before he filed suit. However, as mentioned in his response, Plaintiff averred that he filed an emergency grievance on September 9, 2013, immediately following his transfer to Pinckneyville, after receiving an order to cut his

dreadlocks for an identification picture. According to Plaintiff, in his emergency grievance he explained that he grows his hair in dreadlocks due to his religious practices as an African Hebrew Israelite. Plaintiff further testified that his emergency grievance indicated that Stateville Correctional Center allowed him to transfer to Pinckneyville with his dreadlocks once they declared that he was not a high-risk inmate. Plaintiff testified that he filed this grievance while he was in segregation by slipping it between the cracks of the door to allow a correctional officer to retrieve it.

Defendants asserted that Plaintiff did not file a grievance on September 9, 2013, as there is no record of this grievance on file. Moreover, Defendants argued that even if Plaintiff did file this emergency grievance, it is insufficient to exhaust the claims in this lawsuit as the content of the grievance, as described by Plaintiff, does not address the issues and claims in this lawsuit. Specifically, Defendants aver that the September 9, 2013 grievance was written before Plaintiff was ordered by Defendant Goetting to cut his hair and threatened forcible removal of his hair if Plaintiff refused to comply. Accordingly, Defendants contend that the events giving rise to this lawsuit did not occur until *after* the September 9, 2013 grievance was filed and, as such, it is insufficient to establish exhaustion in this case.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005);

*Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

***Exhaustion Requirements under the PLRA***

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.,*182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v.*

*Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The

Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See*

*Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out,

and doing so properly (so that the agency addresses the issues on the merits)."  *Id.* at 90, (quoting

*Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding that the PLRA requires

proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the

statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place,

and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.   In *Pavey*, the

Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff

has exhausted his remedies.  *Id.* 544 F.3d at 742.  If a Plaintiff has exhausted his remedies, the

case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either

allow Plaintiff to exhaust or terminate the matter.

***Exhaustion Requirements under Illinois Law***

Under the procedures set forth in the Illinois Administrative Code, an inmate must first

attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, §

504.810(a).  If the complaint is not resolved, the inmate may file a grievance within 60 days after

the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.*

§504.810(b).  The grievance form shall contain factual details regarding each aspect of the

offender's complaint, including what happened, when, where, and the name of each person who

is the subject of the complaint.  *Id.* § 504.810(b).  The grievance officer is required to advise the

Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the

findings on the grievance. *Id.* § 504.830(d).  The CAO shall advise the inmate of the decision on

the grievance within two months of it having been filed, where reasonably feasible under the circumstances. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner,

he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions.  *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).  An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Based on the evidence adduced and arguments made at the hearing, it is recommended that the Court find Plaintiff did not exhaust his administrative remedies prior to filing this suit.

Plaintiff relies on his contention that he submitted an emergency grievance regarding the claims in this lawsuit on September 9, 2013, for which he never received a response.  Plaintiff contends that in this grievance he complained of the grooming policy at Pinckneyville and asserted that as a practicing African Hebrew Israelite he grows his hair in dreadlocks.  Plaintiff does not dispute that he did not speak with Defendant Goetting about the grooming policy until September 18, 2013, approximately nine days *after* he submitted his emergency grievance.

Plaintiff is correct that an institution's failure to respond to a grievance, including an emergency grievance, may result in a finding that the grievance procedure was "unavailable" to him.  *See Lewis*, 300 F.3d at 833.  However, even if the Court finds that Plaintiff attempted to submit an emergency grievance on September 9, 2013, the Court finds that this grievance did not complain of the events giving rise to this lawsuit.   In particular, Plaintiff's claims against Defendant Goetting arise from events occurring on September 18, 2013.  On this date, Defendant Goetting personally spoke with Plaintiff regarding the removal of his dreadlocks.  As Plaintiff had not spoken with Defendant Goetting at the time his filed his emergency grievance, Plaintiff

could not have exhausted against this Defendant in his September 9, 2013 grievance.  Further, at

the Pavey hearing, Plaintiff did not indicate that his September 9, 2013 grievance included any

complaints regarding the IDOC policy issued by Defendant Godinez that is central to his claims

against this Defendant in this lawsuit.  Accordingly, even if the Court finds Plaintiff's testimony

credible, based on Plaintiff's own assertions, his September 9, 2013 grievance did not, and could

not, contain sufficient factual detail regarding each aspect of Plaintiff's complaint, in

contravention of Illinois Administration Code § 504.810(b).  As such, the Court finds that

Plaintiff failed to exhaust his administrative remedies prior to filing suit.

RECOMMENDATIONS

Based on all the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary

Judgment on the Issue of Exhaustion filed by Defendants S.A. Godinez and Jody Goetting (Doc.

34) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative

remedies prior to filing suit; that this action be **DISMISSED without prejudice**; and that the

Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen

(14) days after service of this Report and Recommendation to file written objection thereto.  The

failure to file a timely objection may result in the waiver of the right to challenge this Report and

Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380

F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir.

2003).

**DATED: February 12, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**