IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR GRAYSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 13-CV-1251-NJR-DGW |
| | ) |
| JODY GOETTING and S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 60), which recommends that this Court grant Defendants' motion for summary judgment based on exhaustion (Doc. 34). The Report and Recommendation was entered on February 12, 2015. No objections have been filed.

Plaintiff Omar Grayson filed this action on December 3, 2013, alleging that his religious beliefs prohibit him from cutting his hair, but he was nevertheless forced to cut his dreadlocks while incarcerated at the Pinckneyville Correctional Center. The following claims survived threshold review: (1) Plaintiff's First Amendment claim against Defendants Jody Goetting and S.A. Godinez; (2) Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim against Defendants in their official capacities; and (3) Plaintiff's retaliation claim against Defendant Goetting (*See* Doc. 7).

On August 1, 2014, Defendants Goetting and Godinez filed a motion for

summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies before bringing suit (Doc. 34). Defendants rely on the affidavit of Billie Greer, Chairperson of the Administrative Review Board ("ARB"), to assert that, although Plaintiff filed a grievance on October 29, 2013, concerning the issues in this lawsuit, he filed suit prior to receiving a response from both his institution and the ARB.

Plaintiff filed his response to Defendants' Motion on August 5, 2014 (Doc. 39), asserting that prior to filing the October 29th grievance, he filed an emergency grievance on September 9, 2013, for which he never received a response. Plaintiff asserted that this action was filed in accordance with the September 9, 2013, emergency grievance. According to Plaintiff, as there are no instructions on how to proceed if a grievance is not responded to, he sufficiently exhausted his administrative remedies with respect to this grievance.

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' Motion on December 3, 2014. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 60). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993);

*see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

Based on the evidence submitted by Defendants in support of their motion for summary judgment, it appears that Plaintiff did not exhaust his administrative remedies. Plaintiff contended that he submitted an emergency grievance regarding the claims in this lawsuit on September 9, 2013, for which he never received a response. Defendants asserted that Plaintiff did not file a grievance on September 9, 2013, as there is no record of this grievance on file.

Even if the Court finds that Plaintiff attempted to submit an emergency grievance on September 9, 2013, the Court finds that this grievance did not complain of the events giving rise to this lawsuit. Plaintiff's claims against Defendant Goetting arise from events occurring on September 18, 2013. Plaintiff averred that he did not speak

with Defendant Goetting about the grooming policy until September 18, 2013 (*See* Doc. 1; *see also* Doc. 7), approximately nine days after he submitted his emergency grievance. On this date, Defendant Goetting personally spoke with Plaintiff regarding the removal of his dreadlocks. As Plaintiff had not spoken with Defendant Goetting at the time he filed his emergency grievance, Plaintiff could not have exhausted against this Defendant in his September 9, 2013, grievance.

Finally, based on Plaintiff's own testimony at the *Pavey* hearing, the September 9, 2013, grievance did not include any complaints regarding the IDOC policy issued by Defendant Godinez that is central to Plaintiff's claims against this Defendant in this lawsuit (Doc. 58). Accordingly, Plaintiff failed to exhaust his administrative remedies with respect to this claim.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 60) and **GRANTS** Defendants' motion for summary judgment (Doc. 34). Plaintiff's claims against Defendants Goetting and Godinez are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED:  March 11, 2015

s/ Nancy J. Rosenstengel  
NANCY J. ROSENSTENGEL  
**United States District Judge**